

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| GERALD DAMONE HOPPER, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION 5:17-03364-MGL |
| | § | |
| JEFFERSON B SESSION, III, MARK S. INCH; | § | |
| H JOYNER; REGINA D BRADLEY; REGINAL | § | |
| PERKINS; R. LEPAINE; D. GARCIA; JADE | § | |
| LLOYD, | § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING PLAINTIFF'S OMNIBUS MOTION IN PART
AND DENYING IT IN PART**

Plaintiff Gerald Damone Hopper filed this as a *Bivens* action. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Hopper's Omnibus Motion be granted in part and denied in part. Specifically, the Magistrate Judge recommends this case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) and without the incorporation of any filings into the new case. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 30, 2018, but Hopper failed to file any objections. Instead, he filed a motion to withdraw his request to incorporate and consolidate, which the Clerk filed on May 9, 2018. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case employing the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court Hopper's Omnibus Motion is **GRANTED IN PART AND DENIED IN PART**. Specifically, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) and without the incorporation of any filings into the new case. Consequently, Plaintiff's motion to withdraw his request to incorporate and consolidate is **RENDERED MOOT**.

**IT IS SO ORDERED**.

Signed this 31st day of May, 2018, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.